IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WASHINGTON FRONTIER LEAGUE BASEBALL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FRONTIER PROFESSIONAL BASEBALL, INC., <br> Defendant. | Civil Action No. 16-1556 <br> Judge Nora Barry Fischer |

## **MEMORANDUM OPINION**

I. BACKGROUND

This lawsuit involves disputes between the Washington Wild Things professional baseball team and the League Office of the Frontier Professional Baseball League of which it is a member and participates. (Docket No. 12). This is one of three actions that Plaintiff Washington Frontier League Baseball, LLC has initiated emanating from the same set of facts involving an attempted acquisition of another team in the League by a rival owner. (*Id.*). In November of 2014, Plaintiff and one of its owners, Stuart Williams, sued Defendant Frontier Professional Baseball, Inc. another member club and a few owners in an ongoing lawsuit in the United States District Court for the Southern District of Indiana. *See Washington Frontier League Baseball, LLC and Stuart Williams v. Michael E. Zimmerman, et al.*, Civ. A. No. 1:14-cv-01862-TWP0DML (S.D. In). Later, in June of 2016, Plaintiff initiated an arbitration proceeding against Defendant in the Southern District of Indiana. (Docket No. 12 at ¶ 49). Plaintiff admits that the arbitration remains pending and sets forth claims against Defendant that are identical to those pled in this lawsuit, which was not filed until October 11, 2016. (Docket Nos. 24, 30).

1

Presently before the Court is a motion to dismiss filed by Defendant arguing that this Court lacks subject matter jurisdiction over the matter and that Plaintiff has failed to state a claim for relief. (Docket Nos. 21, 22). In response, Plaintiff contends that it has pled sufficient facts to state a claim against Defendant and that this Court has jurisdiction. (Docket Nos. 23, 24, 30). In doing so, Plaintiff relies heavily on a decision by the U.S. District Court for the Southern District of Indiana interpreting the relevant terms of the Bylaws and the arbitration provision in the related litigation. (*Id.*). Defendant suggests in the alternative that if the Court determines that subject matter jurisdiction is appropriate, that it will separately move to stay the litigation and compel the arbitration. (Docket No. 22). Upon careful consideration of the parties' positions, the relevant terms of the Bylaws and the arbitration provision contained therein, the decision of the U.S. District Court for the Southern District of Indiana interpreting same, and after evaluating the relevant private and public factors under *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir. 1995), this Court will exercise its broad discretion and transfer this matter to the U.S. District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).

II. LEGAL STANDARD

The discretionary transfer statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). It is well established that this Court retains "broad discretion" to transfer venue when justice so requires after weighing the private and public factors set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). *See also Ogundoju v. Attorney General of U.S.*, 390 F. App'x. 134, 137 n.2 (3d Cir. 2010). The relevant private interests

include: (1) each party's forum preference; (2) where the claims arose; (3) the convenience of the parties; (4) the convenience of the witnesses; and (5) the location of the books and records. *Jumara*, 55 F.3d at 879. The cited public interests include: (1) the enforceability of the judgment; (2) practical considerations of expediting trial and reducing costs; (3) administrative difficulties in the two fora due to court congestion; (4) the local interest in deciding local controversies; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law. *Id.*

III. DISCUSSION

In this Court's estimation, the relevant private and public factors under *Jumara* strongly weigh in favor of transferring this matter to the U.S. District Court for the Southern District of Indiana, where both the arbitration and the related lawsuit are pending. The Court finds that the following factors favor such a transfer: the parties' forum preferences; where the claims arose; the convenience of the parties and witnesses; the enforceability of a judgment; practical considerations; and, administrative difficulties in this forum. *See Jumara*, 55 F.3d at 883. As the remaining factors are neutral, the Court will transfer the matter.

With respect to Plaintiff's choice of venue in this district, where its professional baseball team is based in Washington County, the same is lightly disturbed by a transfer to the Southern District of Indiana. Plaintiff is a member of the League and regularly does business in Indianapolis as a part of same. *See Northgate Processing, Inc. v. Spirongo Slag McDonald, L.L.C.*, 2015 WL 7308675, at *3-4 (W.D. Pa. Nov. 19, 2015) (forum preference is lightly disturbed when facts showed that the parties actively sought to do business in the transferee forum). Plaintiff also voluntarily initiated the arbitration in the Southern District of Indiana several months before filing this case based upon the arbitration clause in the League Bylaws providing that venue for same is "at the

3

League Offices" in Indianapolis.  Cf. *Turner Construction Co. v. Independence Excavating, Inc.*, Civ. A. No. 16-337, 2016 WL 1408120, at *1 (W.D. Pa. Apr. 11, 2016) (active litigation in other district weighs in favor of transfer).  Further, Plaintiff is presently litigating the companion lawsuit in the U.S. District Court for the Southern District of Indiana.  *Id.*  In light of these facts, it is reasonable to infer that the only reason for the instant filing is strategic as Plaintiff may perceive this District as a more favorable venue.

It also appears to this Court that Plaintiff's breach of contract claims arose out of activities centered in the Southern District of Indiana because they relate to the alleged failure of the League to pursue an investigation into a proposed transaction involving other teams and owners and Plaintiff seeks recompense for attorney's fees and costs arising from its efforts to conduct such investigation and litigate those disputes in Indiana, not here.  (Docket No. 12). Since that litigation is ongoing and related to this case, a transfer will most likely be more convenient to the parties and witnesses than litigating this dispute in Pittsburgh.  *See Turner Construction Co.*, 2016 WL 1408120, at *1.  The final factor, the location of the books and records, is neutral in the Court's evaluation of the private factors, as those materials may be produced in either District. *See Armstrong Dev. Properties, Inc. v. Ellison*, No. CIV.A. 13-1590, 2014 WL 1452322, at *6 (W.D. Pa. Apr. 14, 2014) ("the location of the books and records, neither favors nor disfavors a transfer because the evidence in this case could more than likely be produced electronically in either forum."). Overall, the Court finds that the private *Jumara* factors strongly weigh in favor of the transfer to the U.S. District Court for the Southern District of Indiana.  *See Jumara*, 55 F.3d at 883.

Turning to the public *Jumara* factors, the threshold issue in this case is whether this federal lawsuit should proceed, despite the fact that Plaintiff voluntarily submitted its claims to arbitration.

4

(*See* Docket Nos. 21-26, 30). This Court believes that the U.S. District Court for the Southern District of Indiana is better situated to resolve this dispute. Initially, this Court is mindful that there is a strong federal policy in favor of arbitration and "federal law presumptively favors the enforcement of arbitration agreements." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 178 (3d Cir. 1999). Plaintiff suggests that the decision by the U.S. District Court for the Southern District of Indiana interpreting the Bylaws and arbitration provision demonstrates that subject matter jurisdiction is appropriate in federal court. (Docket Nos. 24, 30). But, that decision is not binding on this Court and, at most, represents persuasive authority. *See United States v. Mitlo*, 714 F.2d 294, 298 (3d Cir.1983) (citation omitted) ("precedents set by higher courts are conclusive on courts lower in the judicial hierarchy."). While this Court has the capacity to conduct the same type of analysis, it is in the interests of judicial economy for this litigation to proceed in the Southern District of Indiana before the same Judge who is handling the related matter. *See* 28 U.S.C. § 1404(a); *cf. U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 415 (W.D. Pa. 2006) ("Judicial economy is not a principle that operates exclusively to the courts' advantage. Litigants also benefit when the consolidation of related actions results in the most expedited determination of debts and liabilities."). A prompt transfer for the purpose of achieving these types of judicial efficiencies is also supported by Rule 1 of the Federal Rules of Civil Procedure which directs the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

      Although Plaintiff argues that there is no precedent supporting Defendant's position that the filing of the arbitration undermines Plaintiff's assertion of subject matter jurisdiction here, the Court of Appeals for the Third Circuit has held that "a 'party who voluntarily submits an issue to

arbitration without challenging the arbitrability of that issue' may be deemed to have waived judicial review." *Lucey v. FedEx Ground Package Systems, Inc.*, 305 F. App'x 875, 878 (3d Cir. 2009) (quoting *Pa. Power Co. v. Local 272, Int'l Bhd. of Elec. Workers*, 886 F.2d 46, 50 (3d Cir. 1989)). In its briefs, Plaintiff admits that it voluntarily submitted these claims to arbitration in the Southern District of Indiana but has not demonstrated that it did anything to preserve an objection to the arbitrator's authority to determine whether the parties' disputes were subject to the arbitration clause. (Docket Nos. 24, 30). Hence, it may be appropriate to stay this matter and compel the parties to arbitrate this dispute in the ongoing arbitration rather than litigate these issues in federal court. *See Lucey*, 305 F. App'x at 878.

But, this Court lacks the authority to order the parties to arbitrate in a location outside of this Court's judicial district and any judgment to that effect would be unenforceable. *See e.g., Econo-Car Intern., Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3d Cir. 1974) ("the unambiguous statutory language [of 9 U.S.C. § 4] limit[s] the district court's power to order arbitration outside of the district" and district court in Virgin Islands erred by ordering parties to arbitrate in New York City); *Port Erie Plastics, Inc. v. Uptown Nails, LLC*, 173 F. App'x 123, 127 (3d Cir. 2006) ("Following *Econo-Car*, the majority of district courts to address the issue before us have held that they lacked authority to compel arbitration at all, even in their own districts, when the agreement specifies that arbitration is to take place in a different venue."). As the parties expressly agreed to arbitrate their disputes "at the League Offices," which are located in the Southern District of Indiana, and an arbitration proceeding is already pending in that locale, it is appropriate to transfer this matter to the U.S. District Court for the Southern District of Indiana for consideration of whether Plaintiff waived the ability to challenge the arbitrability of this dispute by submitting its claims to the

arbitration. *See Shaffer v. Graybill*, 68 F. App'x 374, 377 (3d Cir. 2003) (district court must dismiss or transfer an action to the location of the arbitration).

Finally, as this Court has stated previously, this District is presently operating with four empty District Judge seats, out of a total of ten seats, with three of those seats being vacant for a number of years.[1] *See Sloane v. Gulf Interstate Field Services, Inc.*, Civ. A. No. 15-1208, 2016 WL 4010965, at *8 (W.D. Pa. Jul. 27, 2016) (noting in July of 2016 that three seats had been vacant for three years). It is unknown when the vacancies may be filled and it is likely that there will be another vacancy on this Court in the near future. A review of the statistics produced by the Administrative Office of the United States Courts indicates that there is one empty District Judge seat in the Southern District of Indiana out of a total of five seats. *See Federal Court Management Statistics, September 2016, available at*: http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2016 (last visited 2/13/17). Thus, because the judicial seats in this District are staffed at a rate of sixty percent (60%) and the Southern District of Indiana is at eighty percent (80%) this factor similarly weighs in favor of the transfer, although it is not dispositive.[2] The remaining public factors are neutral and require no further evaluation. However, like the private factors, this Court's weighing of all of the facts and circumstances under the public *Jumara* factors also supports the transfer.

IV. CONCLUSION

---

[1] Further, the Court lost three distinguished senior jurists in the last seven months, leaving this division with two senior District Judges.

[2] The Court acknowledges that the statistics for the Southern District of Indiana show a significant uptick in the number of cases filed during the period ending September 30, 2016. It is unclear from this Court's vantage point what the increase in the number of filings is attributed to, but as 2016 appears to be an outlier, the transfer is still appropriate in this Court's estimation.

For these reasons, the Court finds that this matter should be transferred to the U.S. District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). An appropriate Order transferring this matter to that District follows.

<u>s/Nora Barry Fischer</u>
Nora Barry Fischer
United States District Judge

Dated: February 13, 2017

cc/ecf: All counsel of record

        Clerk of Court
        U.S. District Court for the Southern District of Indiana